Robert M. Winter
ROBBINS, SALOMON & PATT, LTD.
Attorneys for Defendants/Counterclaimants
25 E. Washington, Suite 1000
Chicago, IL 60602
ph: 312-782-9000
fax: 312-782-6690

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BL RESTAURANT OPERATIONS, LLC<br><br>             Plaintiff,<br>v.<br><br>701 AMERICA, INC. (f/k/a BAR LOUIE AMERICA, INC.), 706 DEVELOPMENT, INC. (f/k/a BAR LOUIE DEVELOPMENT, INC.), 100 TRADEMARK, INC. (f/k/a BAR LOUIE TRADEMARK, INC.), CONCEPTS AMERICA, INC., ROGER A. GREENFIELD REVOCABLE TRUST, ROGER A. GREENFIELD, and THEODORE KASEMIR,<br><br>             Defendants.<br><br>701 AMERICA, INC. (f/k/a BAR LOUIE AMERICA, INC.), 706 DEVELOPMENT, INC. (f/k/a BAR LOUIE DEVELOPMENT, INC.), 100 TRADEMARK, INC. (f/k/a BAR LOUIE TRADEMARK, INC.), CONCEPTS AMERICA, INC., ROGER A. GREENFIELD REVOCABLE TRUST, ROGER A. GREENFIELD, and THEODORE KASEMIR,<br><br>             Counterclaimants,<br>v.<br><br>BL RESTAURANT OPERATIONS, LLC, AND BL RESTAURANTS HOLDING, LLC,<br>             Counterdefendants. | Case No. 11-cv-6285 (KBF)<br>ECF Case<br><br>Hon. Judge Katherine B. Forrest<br><br>**DEFENDANTS/COUNTERCLAIMANTS'**<br>**MEMORANDUM OF LAW IN SUPPORT**<br>**OF THEIR MOTION TO STRIKE AND**<br>**DISMISS PLAINTIFF'S FIRST**<br>**AMENDED COMPLAINT** |

Defendants/Counterclaimants 701 America, Inc. (f/k/a Bar Louie America, Inc.), 706 Development, Inc. (f/k/a Bar Louie Development, Inc.), 100 Trademark, Inc. (f/k/a Bar Louie Trademark, Inc.), Concepts America, Inc., Roger A. Greenfield Revocable Trust, Roger A. Greenfield, and Theodore Kasemir (collectively "Defendants"), by and through their attorneys, Robert M. Winter, Vincent T. Borst and Diana H. Psarras, of Robbins, Salomon & Patt, Ltd., for their Memorandum of Law in Support of their Motion to Strike Counts II and III and Motion to Dismiss Count III of BL Restaurant Operations, LLC's First Amended Complaint, pursuant to Federal Rules of Civil Procedure ("FRCP") 12(f) and 12(b)(6) (the "Motion[1]"), state as follows:

## I. LEGAL STANDARD.

1. To withstand a FRCP 12(b)(6) motion to dismiss, a plaintiff must have alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's grounds for entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; see also *Ashcroft v. Iqbal*, 566 U.S. 662, 129 S.Ct. 1937, 1949. Allegations of fact "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Courts generally treat FRCP 12(f) motions to strike as a FRCP 12(b)(6) motion to dismiss and apply the same test used to determine a FRCP 12(b)(6) motion. *Wray v. Edward Blank Associates, Inc.*, 924 F. Supp. 498, 501 (S.D.N.Y. 1996).

## II. COUNT III SHOULD BE DISMISSED PURSUANT TO FRCP 12(b)(6).

### A. BLRO Fails To State A Claim For A Declaratory Judgment.

2. Count III is premised on BLRO's claim that (i) Defendants may breach their obligations under the APA in the future, and as a result (ii) Plaintiff may receive future tax

---

[1] Unless otherwise noted herein, all capitalized terms have the same meaning as set forth in Defendants' Motion. All references to "Ex. 1" refer to BLRO's First Amended Complaint attached to Defendants' Motion.

1

assessments, or may incur future expenses in connection with licenses, and thereafter (iii) Defendants may breach their alleged obligations under the APA to indemnify Plaintiff for these hypothetical damages caused by Defendants' hypothetical future breaches. (Ex. 1, ¶ 151) BLRO also seeks a judgment that Defendants are required to indemnify and hold BLRO harmless and reimburse BLRO for all damages arising from the Drakes EEOC Claims, the Nunez Putative Class Action, the Blum Matter and the Bryant Lawsuit, "as and when such damages are incurred and paid in connection with the foregoing matters." (Ex. 1, ¶ 155)

3. These claims for unknown and uncertain future damages are not ripe for adjudication. The claims for damages already incurred arising from potential tax liabilities, licensing issues, the Drakes EEOC Claims, the Nunez Putative Class Action, the Blum Matter and the Bryant Lawsuit, are part of the overarching breach of contract claim pursued in Count I (and Count II) and are duplicative. Furthermore, a declaratory judgment will not fully or finally resolve the dispute between the parties for possible future breaches of contract and for indemnification of unknown costs not expended.

4. "Article III of the Constitution limits the jurisdiction of federal courts to actual cases and controversies, as distinguished from advisory opinions." *Olin Corp. v. Consolidated Aluminum Corp.*, 5 F.3d 10, 17 (2d Cir. 1993) (citing U.S. Const. art. III, § 2, cl. 1). FRCP 57 and 28 U.S.C. § 2201 allow claims for declaratory judgment when an "actual controversy" exists. The standard for ripeness in a declaratory judgment action is "whether, upon the facts alleged and, under all the circumstances, there is presented a substantial controversy between parties having adverse legal interests, that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Log on America, Inc. v. Promethean Asset Mgmt., LLC*, 223 F. Supp. 2d 435, 452 (S.D.N.Y. 2010); *Duane Reade, Inc. v. St. Paul Fire and Marine, Ins.*,

*Co.*, 411 F.3d 384, 388 (2d Cir. 2005). "A controversy is justiciable under the [Declaratory Judgment] Act only if it presents the plaintiff with a present danger or dilemma, and not a danger or dilemma which is contingent upon the happening of certain future or hypothetical events." *Log on America, Inc.*, 223 F. Supp. 2d at 452.

### i.    *Claims For Future Losses Are Not Ripe For Adjudication.*

5.    BLRO has requested that Defendants indemnify it for the Drakes EEOC Claims, the Nunez Putative Class Action, the Blum Matter and the Bryant Lawsuit. (Ex. 1, ¶¶ 123-125) However, BLRO has only plead that it has incurred costs in relation to the Drakes EEOC Claim No. 2, that it *may* incur costs in the future in relation to the remaining matters, and that it *may* incur costs in the future in relation to additional tax liabilities or license fees and penalties. (Ex. 1, ¶¶ 99-102; 143-151) BLRO has not plead facts that the Blum Matter is a matter which requires indemnification. BLRO simply pleads that it was notified of a judgment and it advised the judgment creditor that it was not the responsible party. (Ex. 1, ¶ 109-110) BLRO's pleading is insufficient to warrant a declaratory judgment. BLRO also requests that Defendants defend the Drakes EEOC Claim No. 1, but admits that Defendants have answered said claim and are defending the matter. (Ex. 1, ¶¶ 87, 93-94) By its own pleading, this defense request is moot.

6.    This matter is similar to *Clark Street Wine and Spirits v. Emporos Systems Corp.*, 754 F. Supp. 2d 474 (E.D.N.Y. 2010). There, a plaintiff brought claims for breach of contract and declaratory judgment. The plaintiff sought a judgment declaring that, in the event it incurred fines and penalties in the future, as a result of the defendant's actions, the defendant would be required to pay those future fines and penalties for plaintiff. *Clark Street*, 754 F. Supp. 2d at 488. Plaintiff sought to recover the same damages under the breach of contract count for past losses and penalties already paid. The declaratory judgment covered the future, "as yet

undiscovered loss." *Clark Street*, 754 F. Supp. 2d at 488. Finding that the declaration concerned future fines to be levied against the plaintiff, the Court dismissed the declaratory judgment, holding "[s]ince these possible and hypothetical future claims depend on particular facts, peculiar to each incident, declaratory judgment is denied." *Clark Street*, 754 F. Supp. 2d at 488.

7. Likewise in *Charter Oak Fire Ins. Co. v. Bolding*, No. 08 CIV. 02632, 2009 WL 3246116 (S.D.N.Y. Oct. 1, 2009), the Court held that the plaintiff's expectation of a potential claim for indemnification did not give rise to an actual controversy. *Charter Oak*, 2009 WL 3246116 at *4 (citing *The New York Guardian Mortg. Grp. v. Cleland*, 473 F. Supp. 409, 418 (S.D.N.Y. 1979)). The Court reasoned that whether the plaintiff incurred liabilities in the future for matters which the defendants agreed to indemnify plaintiff was not a "question of sufficient immediacy and reality to warrant the issuance at this time of a declaratory judgment." *Charter Oak*, 2009 WL 3246116, at *5 (citing *Olin Corp. v. Consol. Aluminum Corp.*, 5 F.3d 10, 17 (2d Cir. 1993)). "Claims involving indemnification obligations are not ripe for adjudication until liability has been imposed upon the party to be indemnified." *Charter Oak*, 2009 WL 3246116, at *4.

8. The Second Circuit has reached the same conclusion in *Olin Corp. v. Consol. Aluminum Corp.*, 5 F.3d 10, 17 (2d Cir. 1993), holding that a claim for future indemnification was not of sufficient immediacy to warrant the issuance of a declaratory judgment. In *Olin Corp.*, the counterclaimant was the buyer of a hazardous waste sight and the counter-defendant was the seller. Pursuant to an indemnity agreement, the seller agreed to indemnify the buyer for environmental liability claims based on activities by the seller at the site and at sites owned by third-parties. The buyer sought a declaration that the seller was liable per the indemnity agreement for the buyer's costs of defending against unknown claims, and for losses connected

4

to all claims and liability that may arise in the future as a result of the seller's operation of its former business. *Olin Corp.*, 5 F.3d at 17. The Court dismissed this claim, finding:

> Whether [buyer] someday will be held subject to environmental liability at some unknown third-party site is speculative. Therefore, whether [seller] should be required to indemnify [buyer] for such liability should it ever arise is not a question of "sufficient immediacy and reality to warrant the issuance at this time of a declaratory judgment. ... We cannot allow the declaratory judgment procedure to be used as a "medium for securing an advisory opinion in a controversy which has not arisen." *Olin Corp.*, 5 F.3d at 17.

9. A declaratory judgment under the facts plead by BLRO would be tantamount to an unconstitutional advisory opinion. *See Olin Corp.*, 5 F.3d at 17. No actual controversy exists and Count III should be dismissed with prejudice.

### ii. *No Finalization Of The Controversy Or Relief From Uncertainty.*

10. The declaration sought by BLRO is not a purely legal issue and it will not finally or fully resolve disputes between the parties. BLRO has plead future claims which, without knowledge of the future facts, cannot be said to be within the indemnity provisions of the APA. It is also unknown whether the costs and expenses which BLRO claims it may incur in the future, would be proper and eligible for reimbursement under the APA. Whether Defendants are required to reimburse BLRO for the costs and expenses it alleges it may incur in the future is a fact specific issue that cannot be resolved until and unless expenses are incurred, and it is known for what those expenses are incurred.

11. In deciding whether to allow an action for declaratory judgment, the courts ask whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved, and whether a judgment would finalize the controversy and offer relief from uncertainty. *Duane Reade*, 411 F.3d at 389; *Capital, S.A. v. Lexington Capital Funding III, Ltd.*,

No. 10 CIV. 24 (PGG), 2010 WL 3251554 (S.D.N.Y. July 28, 2011); *Camofi Master LDC v. College Partnership, Inc.*, 452 F. Supp. 2d 462, 480-481 (S.D.N.Y. 2006).

12.  In *Capital, S.A. v. Lexington Capital Funding III, Ltd.*, No. 10 CIV. 24 (PGG), 2001 WL 3251554 (S.D.N.Y. July 28, 2011), the plaintiff sought a judgment declaring the correct methodology by which to calculate the interest and principal payments owed by defendant under a series of notes. 2001 WL 3251554, at *15. The Court's determination of the proper way to calculate the payments would resolve any future disputes between the parties as to the manner of calculation. *Capital S.A.*, 2001 WL 3251554, at *15. In *Duane Reade, Inc. v. St. Paul Fire and Marine, Ins., Co.*, 411 F.3d 384, 388 (2d Cir. 2005), the Court was asked to determine the scope of coverage of the insurance policy issued by the defendant. This was a "purely legal issue" which, until resolved, prevented the parties from determining the factual dispute of the amount of loss the defendant was liable to pay. *Duane Reade*, 411 F.3d at 388. Further, in *Duane Reade*, the defendant admitted in its answer that there was an actual and continuing controversy between the parties. *Duane Reade*, 411 F.3d at 389. Defendants have made no such admission herein. For the foregoing reasons, Count III should be dismissed.

### iii.   *Duplication of Relief Sought in Count I.*

13.  BLRO has a breach of contract claim (Count I) that will present for adjudication the current and actual damages, if any, that it is entitled to for any breaches of contract that have allegedly occurred. Count III adds nothing to the case. In regard to past claims, "[t]he fact that a lawsuit has been filed that will necessarily settle the issues for which the declaratory judgment is sought suggests that the declaratory judgment will serve 'no useful purpose.'" *Clark Street*, 754 F. Supp. 2d at 488. The preceding sections II(A)(i) and (ii) (¶¶ 6-13) of this memorandum address BLRO's request for declaratory judgment for alleged possible future breaches.

14. In *Camofi Master LDC v. College Partnership, Inc.*, 452 F. Supp. 2d 462 (S.D.N.Y. 2006), the counterclaimant filed a claim for breach of contract and declaratory judgment in response to a breach of contract action filed by the plaintiff. In the declaratory judgment count, the counterclaimant sought a declaration that the plaintiff breached the subject agreement. The Court dismissed the declaratory judgment count because it "would not further clarify legal relations among the parties; the determination sought – that [counterdefendant] breached the banking agreement – will already be addressed in the breach of contract claim." *Camofi Master LDC*, 452 F. Supp. 2d at 480. The Court also found that there was "no cloud of uncertainty" over the parties because they were already involved in legal proceedings in which they were both pursuing coercive remedies. *Camofi Master LDC*, 452 F. Supp. 2d at 480.

15. Similarly, in *Piven v. Wolf Haldenstein Adler Freeman & Herz, LLP*, 08 CIV. 10578 (RJS), 2010 WL 1257326, at *10-11 (S.D.N.Y. Mar. 12, 2010), the Court dismissed as duplicative a declaratory judgment claim which sought a determination of fees owed under a contingency-fee contract, because the plaintiff also sought money damages for breach of the contract. The Court held its determination of the breach of contract count would provide guidance if a claim arose in the future and would accomplish the purpose of a declaratory judgment. "As plaintiffs have already sought coercive relief arising out of the same issues as the request for declaratory judgment, plaintiffs' request for declaratory judgment is duplicative of their other claims and therefore unnecessary." *Piven*, 2010 WL 1257326, at *11.

16. Likewise, in *SOFI Classic S.A. CE C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249-50 (S.D.N.Y. 2006), the Court dismissed a declaratory judgment count, because the claim sought resolution of legal issues that would be resolved in the course litigating other claims, "the claim is duplicative in that it seeks no relief that is not implicitly sought in the other causes of action."

7

*Hurowitz*, 444 F. Supp. 2d at 249-250. Because, regarding the ripe claims, Count III is duplicative of Count I for breach of contract, dismissal is proper under FRCP 12(b)(6).

### B. BLRO Fails to State A Claim for A Mandatory Injunction.

17. Count III, while titled "Declaratory Judgment" essentially seeks mandatory injunctive relief, in that BLRO seeks an order compelling Defendants to pay money to BLRO in the future on BLRO's demand for future unknown breaches of contract and yet undetermined damages. (Ex. 1, ¶¶ 151-155) A mandatory injunction alters the status quo. *SEG Sports Corp. v. State Athletic Com'n*, 952 F. Supp. 2d 202, 204 (S.D.N.Y. 1997). A claim for a mandatory injunction requires that the plaintiff plead, and then prove, "(1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Vantico Holdings S.A. v. Apollo Mgmt., LP*, 247 F. Supp. 2d 437, 451 (S.D.N.Y. 2003). "A party seeking a mandatory injunction ... must show a clear or substantial likelihood of success on the merits." *Lee Myles Auto Grp., LLC v. Fiorillo*, 10 CIV. 6267 (PKC), 2010 WL 3466687, at *2 (S.D.N.Y. Aug. 25, 2010). "For any injunction, the threshold requirement is proof of irreparable harm. Irreparable harm is injury for which money cannot compensate." *SEG Sports*, 952 F. Supp. 2d at 204.

18. BLRO has not plead any facts that meet the high standard for injunctive relief. Although BLRO claims its has no adequate remedy at law (Ex. 1, ¶ 125), this conclusory allegation is belied by Count I, BLRO's breach of contract claim for money damages for the same breaches of the APA complained of in Count III. If granted, the mandatory injunction would require Defendants to pay money to BLRO in the future on Plaintiff's demand, which in itself evidences that money can compensate BLRO for any future damages. Further, BLRO's

8

request in Count III for entry of a declaration that Defendants are obligated to reimburse BLRO for all damages already incurred (Ex. 1, ¶155) is an admission that BLRO has an adequate remedy at law, which prevents the equitable relief sought herein. Lastly, BLRO has not plead facts that show a substantial likelihood of success on the merits.

19. BLRO has "plead itself out of court" by admitting that it has an adequate remedy at law and by seeking judgment for future unknown breaches and damages: *i.e.*, contingent and hypothetical. BLRO has failed to plead the elements required for a declaratory judgment or for a mandatory injunction. In view of its own factual allegations, BLRO cannot in good faith re-plead a cause of action for either declaratory judgment or a mandatory injunction. As such Count III should be dismissed with prejudice pursuant to FRCP 12(b)(6).

### III. COUNTS II AND III SHOULD BE STRICKEN PURSUANT TO FRCP 12(f).

20. FRCP 12(f)(2) provides that the Court may strike from a pleading any redundant matter. BLRO seeks the same money damages for breach of the APA in both Counts I and II of the Complaint. In Count I, BLRO seeks money damages for alleged breaches of the covenants contained in the APA. (Ex. 1, ¶¶ 141-142) In Count II, BLRO seeks money damages for breach of the indemnity obligations of the APA, premised on the same breaches of the APA alleged in Count I. (Ex. 1, ¶¶ 143-149) Regardless of whether the alleged breaches concern indemnity provisions of the APA (Count II) or APA covenants (Count I), all of the alleged breaches are based on the APA. In the event BLRO is successful on its claims, it will only be allowed to recover once for the alleged breach of APA. Stating two separate counts, for breaching the same contract, and to obtain the same relief, is redundant and further lengthens and complicates an already lengthy pleading. The Second Circuit has addressed the requirement that a complaint comply with FRCP 8(a)(2) and contain a short and plain statement of the claim:

9

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage. When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, *see* Fed.R.Civ.P. 12(f), or to dismiss the complaint. *Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988).

21.  Likewise, in Count III, BLRO requests, in part, a declaration that Defendants be ordered to pay all damages allegedly incurred by BLRO as a result of the alleged breaches of the APA set forth in Count I and Count II. (Ex. 1, ¶155) This request is superfluous. Count III's claim for future damages is addressed in Section II of this memorandum. BLRO's right to recover damages for alleged breaches of contract, will be resolved by the factual findings made on Count I. Counts II and III are redundant and unnecessary and should be stricken pursuant to FRCP 8(a)(2), 12(f) and 12(b)(6).

## IV. CONCLUSION

22.  For all of the reasons set forth herein and in Defendants' Motion to Strike and Dismiss the First Amended Complaint, Defendants respectfully request that this Honorable Court enter an order granting the relief requested in said Motion to Strike and Dismiss.

Respectfully submitted,

701 AMERICA, INC. (f/k/a Bar Louie America, Inc.), 706 DEVELOPMENT, INC. (f/k/a Bar Louie Development, Inc.), 100 TRADEMARK, INC. (f/k/a Bar Louie Trademark, Inc.), CONCEPTS AMERICA, INC., ROGER A. GREENFIELD REVOCABLE TRUST, ROGER A. GREENFIELD, and THEODORE KASEMIR

By: /s/ Robert M. Winter
     One of their Attorneys

10

Robert M. Winter
Vincent T. Borst
Diana H. Psarras
ROBBINS, SALOMON & PATT, LTD.
Attorneys for Defendants/Counterclaimants
25 E. Washington, Suite 1000
Chicago, IL 60602
ph: 312-782-9000
fax: 312-782-9000
rwinter@rsplaw.com
vborst@rsplaw.com
dpsarras@rsplaw.com

Dated:  December 19, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2011 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Troy S. Brown tsbrown@morganlewis.com

Margot Giselle Bloom margot.bloom@morganlewis.com

Matthew David Donovan mdonovan@farrellfritz.com

Robert McKenna Winter rwinter@rsplaw.com

Vincent Thomas Borst vborst@rsplaw.com

Diana H. Psarras dpsarras@rsplaw.com

and I hereby certify that I have mailed by U.S. Postal Service the document to the following non-CM/ECF participants: None.

/s/Robert M. Winter

Robert M. Winter
Vincent T. Borst
Diana H. Psarras
ROBBINS, SALOMON & PATT, LTD.
Attorneys for Defendants/Counterclaimants
25 E. Washington, Suite 1000
Chicago, IL 60602
ph: 312-782-9000
fax: 312-782-6690
rwinter@rsplaw.com
vborst@rsplaw.com
dpsarras@rsplaw.com